```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MASSA CONSTRUCTION, INC.,

                    Petitioner,           MEMORANDUM & ORDER
                                          12-CV-6405(JS)(AKT)
        -against-

EMPIRE STATE CARPENTERS FRINGE
BENEFITS FUNDS,

                    Respondent.
----------------------------------------X
APPEARANCES
For Petitioner:     Edward J. Sheats, Jr., Esq.
                    Sheets & Bailey, PLLC
                    9650 Brewerton Road
                    P.O. Box 820
                    Brewerton, NY 13029

For Respondent:     Michael Bauman, Esq.
                    Virginia & Ambinder LLP
                    111 Broadway
                    New York, NY 10006
```

SEYBERT, District Judge:

Petitioner Massa Construction, Inc. ("Petitioner") originally commenced this action in New York State Supreme Court, Ontario County, on November 27, 2012 seeking to stay a pending arbitration. Respondent Empire State Carpenters Fringe Benefits Funds ("Respondent") then removed the case to this Court. Currently pending before the Court is Petitioner's motion to remand this action back state court. For the following reasons, Petitioner's motion is DENIED, and this action is HEREBY TRANSFERRED to the Western District of New York.

BACKGROUND

Petitioner is a New York business corporation that performs general construction services, with its principal place of business in Ontario County, New York. (Pet., attached as Ex. A to Docket Entry 1, ¶¶ 1, 3.) Respondent is a New York labor organization with an office in Hauppauge, New York, that represents employees with respect to the terms and conditions of employment, including wages, benefits, and supplements. (Pet. ¶ 2.)

During the relevant time period, Petitioner was obligated under a collective bargaining agreement (the "Agreement"[1]) with Local 85 of the Empire State Regional Council of Carpenters to make contributions to Respondent for hours worked by its employees in covered employment and to submit to periodic audits. (Pet.'s Br. in Support of Mot. to Remand ("Pet.'s Br. to Remand"), Docket Entry 5-6, at 2; Resp.'s Br. in Opp. to Mot. to Remand ("Resp.'s Opp. Br."), Docket Entry 7, at 2.) Petitioner terminated the Agreement upon its expiration date on April 30, 2011, giving notice to Respondent pursuant to the terms of the Agreement. (Pet.'s Br. to Remand at 2.)

On July 2, 2012, Respondent informed Petitioner that it had audited Petitioner's records for the period of January 1,

---

[1] The Agreement is contained within Exhibit A to the Notice of Removal, and begins at page 12 of Docket Entry 1-1.

2007 to December 31, 2010, and that the records showed Petitioner owed Respondent $66,832.35. (Pet. ¶ 8.) Petitioner disputed that it owed this sum, and numerous correspondences and conversations took place between the parties in an effort to resolve the matter. (Pet.'s Br. to Remand at 2.)

The attempts by the parties to resolve the dispute failed, and on November 14, 2012, Respondent sent Petitioner a Notice of Intent to Arbitrate Fund Delinquency ("Notice") pursuant to the Agreement. (Pet.'s Br. to Remand at 2; Notice, Docket Entry 1-1, at 7[2].) The Notice demanded arbitration at Respondent's office in Hauppaugue, New York on December 4, 2012. (Notice, Docket Entry 1-1 at 7.) However, Article 16 of the Agreement mandates binding dispute resolution procedures be held in Rochester, New York at the Construction Industry Association of Rochester. (Agreement, Art. 16.)

Accordingly, Petitioner filed a request for an Order to Show Cause on November 27, 2012, seeking that the New York State Supreme Court, Ontario County issue an order staying arbitration pending a hearing to determine whether the arbitration should be held in Hauppaugue, New York or Rochester, New York, pursuant to Article 75 of the C.P.L.R. (Pet. ¶ 15.)

---

[2] Exhibit A to the Notice of Removal is Plaintiff's Petition to the New York Supreme Court, Ontario County, requesting an Order to Show Cause. As the Petition contains a number of unlabeled attachments, the Court will refer to the page numbers provided by the Electronic Case Filing System.

3

The Ontario County Court executed the Order to Show Cause and issued a stay pending a hearing on venue.

On December 28, 2012, Respondent filed a Notice of Removal pursuant to 28 U.S.C. § 1441, removing Petitioner's state court action to this Court. (Notice of Removal, Docket Entry 1.) Currently pending before the Court is Petitioner's motion to remand.

DISCUSSION

Petitioner argues that Respondent's removal was improper because: (1) it was defective, as a case may only be removed from state court to the district court for the district and division where the action is pending, pursuant to 28 U.S.C. § 1441(a), (Pet.'s Mot. to Remand at 4), and (2) there is no federal subject matter jurisdiction. Petitioner also requests costs and attorneys' fees pursuant to 28 U.S.C. § 1446(c) as a result of Respondent's allegedly improper removal of this case. The Court will first address whether removal was defective and, finding that it was, will turn to the proper remedy, including the potential imposition of attorneys' fees and costs.

I. Defect in Removal

Petitioner maintains that Respondent's removal was defective because Petitioner commenced its case in state court in Ontario County, New York, which is in the Western District of

New York, and therefore removal should have been to the federal court in that district. The Court agrees.

Respondent removed this action from New York State Supreme Court, Ontario County, to this Court. Pursuant to 28 U.S.C. § 1441(a), cases may only be removed from state court to the federal district court "for the district and division embracing the place where such action is pending." Respondent concedes that removal was defective in that it should have been removed to the Western District, rather than the Eastern District. (Resp.'s Opp. Br. at 3.) However, the parties dispute whether the appropriate remedy for the defective removal in this case should be to remand back to state court or to transfer to the proper federal court.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Remand to state court would be appropriate in this case, as Respondent clearly commenced this action in an improper venue. However, "[c]ourts have held that a case removed to the wrong federal court from a state court may also be transferred under § 1406(a) instead of remanded." Park v. McGowan, No. 11-CV-3454, 2011 WL 4963759, at *2 (E.D.N.Y. Oct. 19, 2011).

5

The district court has sole discretion in deciding whether to dismiss, or in the interest of justice transfer, an action. McCulley v. Anglers Cove Condo. Ass'n, 977 F. Supp. 177, 181 (E.D.N.Y. 1997). Further, under Section 1406, the Court may sua sponte, order the transfer of a motion, rather than a dismissal.[3] Id. at 181.

For the reasons discussed infra, the Court finds that there is federal subject matter jurisdiction and, accordingly, transfer to the appropriate federal court, rather than remand to state court, is appropriate.

II. Federal Jurisdiction

Petitioner moves to remand this action to state court pursuant to 28 U.S.C. § 1441(a) on the basis that the Court has no federal question jurisdiction. The Court will first discuss some general governing principles regarding remand and removal before turning to the specifics of this particular case.

A. Governing Principles

"Generally, a defendant in an action pending in state court may remove that case to federal court only if it could have originally been commenced in federal court on either the

---

[3] Petitioner alleges that by requesting a transfer, Respondent's Memorandum of Law seeks relief that goes beyond the denial of the motion in violation of Local Civil Rule 7.1(a)(1), which would require Respondent to file a cross-motion. (Pet.'s Reply Aff., Docket Entry 8, ¶ 6.) However, the Court has the power, sua sponte, to order a transfer instead of granting a dismissal where it finds this remedy appropriate.

6

basis of federal question jurisdiction or diversity jurisdiction." Citibank, N.A. v. Swiatkoski, 395 F. Supp. 2d 5, 8 (E.D.N.Y. 2005) (citing 28 U.S.C. § 1441(a)). "Where a case has been improperly removed and the Court has no subject matter jurisdiction, the Court must remand the case . . . to the state court where it originated, pursuant to 28 U.S.C. § 1447(c)." Morrison v. Seafarers Int'l Union of N. Am., AFL-CIO, 954 F. Supp. 55, 56 (E.D.N.Y. 1996); see also Vera v. Saks & Co., 335 F.3d 109, 113 (2d Cir. 2003) ("A district court must remand a case to state court '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" (alteration in original) (quoting 28 U.S.C. § 1447(c))). The removing party carries the burden of establishing federal jurisdiction, and any doubts about jurisdiction must be resolved against removability. See In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007).

"In determining whether a [removal] petition establishes the existence of a federal question, removal based on federal jurisdiction is improper unless a federal claim appears on the face of a well-pleaded complaint." Four Keys Leasing & Maint. Corp. v. Simithis, 849 F.2d 770, 773 (2d Cir. 1988) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10, 103 S. Ct. 2841, 77 L. Ed. 2d 420

(1983)); see also Morrison, 954 F. Supp. at 57 ("[T]he Court must limit its search for a federal question to a plaintiff's claims as stated in his or her complaint and may not look to anticipated defenses which a defendant might impose in order to find a federal question 'hook.'"). "Allegations made for the first time in a removal petition thus cannot support the removal of a case on federal question grounds." Four Keys, 849 F.2d at 773.

The doctrine of "complete preemption," however, marks an exception to the well-pleaded complaint rule. Caterpillar Inc. v. Williams, 482 U.S. 386, 393, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). Under this doctrine, certain federal statutes are construed to have "such 'extraordinary' preemptive force that state-law claims coming within the scope of the federal statute are transformed, for jurisdictional purposes, into federal claims—i.e., completely preempted." Sullivan v. Am. Airlines, 424 F.3d 267, 272 (2d Cir. 2005) (citing Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987)). Additionally, "[t]he jurisdictional transformation occurs even where issues of federal law are raised only as defenses." Mery Steel Works, Inc. v. Local Union 580 of Int'l Ass'n of Bridge, No. 06-CV-6028, 2007 WL 2349916, at *2 (S.D.N.Y. Aug. 16, 2007) (citing Plumbing Indus. Bd., Plumbing Local Union No. 1 v. E.W. Howell Co., Inc., 126 F.3d 61, 66 (2d

8

Cir. 1996)). The Supreme Court has found that three statutes "'have the requisite extraordinary preemptive force to support complete preemption: § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185 . . . § 502(a) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a) . . . and §§ 85 and 86 of the National Bank Act . . . .'" Isufi v. Prometal Const., Inc., --- F. Supp. 2d ----, 2013 WL 782871, at *6 (E.D.N.Y. Feb. 28, 2013) (quoting Sullivan, 424 F.3d at 272 (alternation in original)).

B. Subject Matter Jurisdiction Over This Action

Petitioner maintains that this case should remain in state court because there is no federal subject matter jurisdiction. Respondent, however, asserts that there is federal subject matter jurisdiction under: (1) § 301 of the Labor Management Relations Act ("LMRA"); and (2) § 502 and § 515 of the Employment Retirement Income Security Act ("ERISA") (29 U.S.C. §§ 1132, 1145).[4] As the Court finds that there is federal subject matter jurisdiction due to preemption under the LMRA, it will not address the parties' additional arguments regarding ERISA preemption.

---

[4] Petitioner also raises, and then argues against, any potential federal subject matter jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq. (Pet.'s Br. to Remand at 8.) As Respondent has not raised this as a basis for jurisdiction in its opposition brief, the Court will not address this issue.

9

Section 301 of the LMRA states that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ." 29 U.S.C. § 185. If the resolution of a state law claim requires the interpretation of a collective-bargaining agreement, the application of state law is preempted and federal labor law principles must be employed to resolve the dispute. See Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 405-06, 108 S. Ct. 1877, 100 L. Ed. 2d 410 (1988).

Petitioner asserts that the LMRA does not have preemptive effect because the terms of the arbitration clause in Article 16 of the Agreement are not reasonably in dispute. (Pet's Br. to Remand at 7.) Here, however, the present action requires more than simply consulting the collective bargaining agreement in the course of state law litigation. Contra Livadas v. Bradshaw, 512 U.S. 107, 124, 114 S. Ct. 2068, 129 L. Ed. 2d 93 (1994) (noting that the mere need to look to the collective bargaining agreement for damages computation is no reason to hold that a state law claim is defeated by section 301). Rather, as Respondent's arguments suggest, an inquiry into the arbitration clause in Article 16 of the Agreement also requires an analysis of whether its terms govern now that the expiration

date of the Agreement has passed and whether other, more specific, terms of the Agreement prevail over the general arbitration clause. Such analyses necessitate interpretation of the Agreement and invoke this Court's jurisdiction. See <u>Unique Woodworking, Inc. v. N.Y.C. Dist. Council of Carpenters' Pension Fund</u>, No. 07-CV-1951, 2007 WL 4267632, at *3 n.1 (S.D.N.Y. Nov. 30, 2007) (finding that the court had jurisdiction under the LMRA over a removed action to stay arbitration); <u>Lexington Children's Ctr. v. Dist. Council 1707</u>, No. 04-CV-1532, 2004 WL 540475, at *1 (S.D.N.Y. Mar. 17, 2004) ("The Court has subject matter jurisdiction over this matter pursuant to section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. § 185. The dispute here involves the continued viability of provisions of an expired collective bargaining agreement between an employer and a union–a quintessential matter of federal labor policy.").

Accordingly, the Court finds that there is federal subject matter jurisdiction over this action and Petitioner's motion for remand on this basis is DENIED.

III. <u>Mootness</u>

In making this determination, the Court has implicitly rejected Respondent's assertion that this action is moot. According to Respondent, it eventually agreed to arbitration in Rochester, New York, as demanded by Massa and withdrew its

11

Notice to arbitrate. (Resp.'s Opp. Br. at 1.) Although Petitioner ultimately declined to sign a stipulation of dismissal, Respondent argues that its agreement to arbitrate in Rochester moots Petitioner's underlying petition to stay the arbitration. (Resp.'s Opp. Br. at 1.)

Generally, a case is moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S. Ct. 1181, 71 L. Ed. 2d 353 (1982) (quoting U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 396, 100 S. Ct. 1202, 63 L. Ed. 2d 479 (1980)). If events occur subsequent to the filing of a suit which "deprive the court of the ability to give the plaintiff . . . meaningful relief, then the case is moot and must be dismissed." Sheely v. MRI Radiology Network, P.A., 505 F.3d 1173, 1183 (11th Cir. 2007) (internal quotation marks and citation omitted). However, "voluntary cessation of a challenged practice rarely moots a federal case." Rivers v. Doar, 638 F. Supp. 2d 333, 337 (E.D.N.Y. 2009) (internal quotation marks and citation omitted).

Here, Respondent alleges that both the motion to stay arbitration and the motion for remand are moot based on its withdrawal of its demand for arbitration over the disputed funds. However, Respondent has made no assertions that its withdrawal of the demand is permanent, and therefore no

12

subsequent events have made it "absolutely clear" that Respondent will cease all demands for arbitration regarding the Agreement between the parties. See Sheely, 505 F.3d at 1184 (quoting Friends of the Earth, Inc. v. Laidlaw Evtl. Servs. (TOC), Inc., 528 U.S. 167, 189, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000)). Respondent would have full ability to renew its demand for arbitration between the parties, unless the cooperation it requests from Petitioner includes an agreement with a clause indicating that its withdrawal is permanent. Thus, Respondent's voluntary cessation of its demand for arbitration does not render the case moot.

IV. Attorney's Fees

Finally, Petitioner requests attorney's fees, costs, and expenses incurred as a result of the removal, pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Courts have held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Calabro v. Aniqua Halal Live Poultry Corp., 650 F.3d 163, 166 (2d Cir. 2011) (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 704, 163 L. Ed. 2d 547 (2005)). Fees should therefore be denied

when an objectively reasonable basis exists. Id. Based on the Court's determination that it has subject matter jurisdiction over the removed claim, the Respondent had an objectively reasonable basis for seeking removal in this case. Accordingly, Petitioner's motion for attorneys' fees and costs is DENIED.

CONCLUSION

For the foregoing reasons, Petitioner's motion to remand is DENIED and this action is HEREBY TRANSFERRED to the Western District of New York.

The Clerk of the Court is directed to transfer this action to the Western District of New York and to mark this matter CLOSED.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Date: September 4, 2013
      Central Islip, New York